**E-FILED 10-22-2010*

1  **Pedro G. Bagunas, Jr.**
2  120 Dixon Landing Road #79
   Milpitas, CA 95035
3  Tel: (408) 394-0332

4  *Plaintiff In Pro Per*

5  **Gregory L. Spallas, SBN 129306**
   **Anna C. Gehriger, SBN 248484**
6  PHILLIPS, SPALLAS & ANGSTADT LLP
   Three Embarcadero, Suite 550
7  San Francisco, California 94111
   Tel:   (415) 278-9400
8  Fax:   (415) 278-9411
   gspallas@psalaw.net
   agehriger@psalaw.net

9  Attorneys for Defendant
10 WAL-MART STORES, INC.

11

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14

15 | PEDRO G. BAGUNAS, JR. | ) Case No. 5:10-CV-10-00706 JW |
16 |                        Plaintiff, | ) **JOINT STIPULATED [PROPOSED]** |
17 | v. | ) **PROTECTIVE ORDER** |
18 | WAL-MART STORES, INC; JOSHUA BRAVO | ) **(MODIFIED BY THE COURT)** |
19 |                        Defendants. | ) |

20

21     The parties to this action, Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or
22 "Defendant") and Plaintiff Pedro G. Bagunas, Jr. ("Plaintiff"), by their respective counsel,
23 hereby stipulate and request that the Court enter a mutual protective order pursuant to
24 California Code of Civil Procedure Sections 2030.090 and 2031.030 as follows:

25     1.   The Protective Order shall be entered pursuant to ~~the California Code of Civil~~
26 ~~Procedure.~~ **Federal Rule of Civil Procedure 26(c).**

27     2.   The Protective Order shall govern all materials deemed to be "Confidential
28 Information." Such Confidential Information shall include the following:

1  (a) Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant; and/or Defendant's organizational structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors; and/or

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  Defendant will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. **Unless otherwise ordered by the court,** Qualified recipients shall include only the following:

(a) Plaintiff and his counsel should he choose to retain counsel, including his counsel's secretarial, clerical and paralegal staff;

(b) Defendant's in-house counsel and law firm and the secretarial, clerical and paralegal staff of each;

(c) Deposition notaries and staff;

//

//

1     (d)    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

4     (e)    Deponents during the course of their depositions or potential witnesses of this case; ~~and~~

6     (f)    The parties to this litigation, which as to Defendant includes its officers and professional employees. **and**

**(g)    The court and its personnel.**

8     6.    Each party shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

11     Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

16     If either party objects to the claims that information should be deemed Confidential, that party shall inform the opposing party in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion. **On any such motion, the party claiming confidentiality bears the burden of persuasion.**

23     7.    No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

27     8.    All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and not for any other purpose.

1     9.     The termination of this action shall not relieve the parties and persons obligated

2  hereunder from their responsibility to maintain the confidentiality of information designated

3  confidential pursuant to this Order.  **For a period of six months after the termination of this action, this court will retain jurisdiction to enforce the terms of this order.**

4     10.    Upon termination of this action by entry of a final judgment (inclusive of any

**and with the exception of materials submitted to the court,**

5  appeals or petitions for review), the parties may request the return of all previously furnished
        ^

6  Confidential Information, including any copies thereof, and each person or party to whom such

7  Confidential Information has been furnished or produced shall be obligated to return it within

8  thirty (30) days of said request.

9     11.    Nothing in this Order shall be construed as an admission as to the relevance,

10 authenticity, foundation or admissibility of any document, material, transcript, or other

11 information.

12    12.    Nothing in the Protective Order shall be deemed to preclude any party from

13 seeking and obtaining, on an appropriate showing, a modification of this Order.

14

15 Dated: June 5, 2010                                Dated: June 7, 2010

16

17

18  /s/ Pedro G. Bagunas, Jr.                          /s/ Gregory L. Spallas
   Pedro G. Bagunas, Jr.                             Gregory L. Spallas
19 Plaintiff *In Propria Persona*                     Anna C. Gehriger
   (original signature retained by attorney          PHILLIPS, SPALLAS & ANGSTADT LLP
20 Gregory Spallas)                                   Attorney for Defendant
                                                     Wal-Mart Stores, Inc.
21

22
                                        **ORDER**
23                           **AS MODIFIED BY THE COURT,**
   PER THE PARTIES' JOINT STIPULATION, IT IS SO ORDERED:
24                                          ^

25
   Dated: October 22, 2010                           _____
26
                                                     Honorable ~~James Ware~~ Howard R. Lloyd
27                                                   United States ~~District~~ Judge
                                                                    Magistrate
28

-4-
JOINT STIPULATED ~~[PROPOSED]~~ PROTECTIVE ORDER
*U.S.D.C. – Northern District of California,* Case No. CV 10-00706 JW